IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| v. | * | Case No.: WDQ 14-0580-2 |
| | * | |
| **BRIAN CARR** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MOTION FOR SEVERANCE DEFENDANTS

Comes now the Defendant herein, Andre Armstrong (hereafter "Defendant"), through his counsel, Gary E. Proctor, court-appointed counsel pursuant to the CJA, and hereby moves this Court pursuant to Fed.R.Crim.P. § 8 and 14 to sever those Counts involving the Defendant from those of his codefendants, and to grant him a trial separate from said codefendants, where such codefendants are not properly joined in this Indictment and/or whereby such joinder causes prejudice to this Defendant.

### Relevant Law

Fed. R. Crim. P. 8(b) provides:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an

offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Misjoinder is, of course, prejudicial per se. McElroy v. United States, 164 U.S. 76 (1896); Ingraham v. United States, 272 F.2d 567 (4th Cir. 1959); United States v. Kaplan, 588 F.2d 71 (4th Cir. 1978).

Defendant concedes that, absent special circumstances, individuals indicted together should be tried together. United States v. Parodi, 703 F.2d 768, 779 (4th Cir. 1983); United States v. Seidel, 620 F.2d 2006 (4th Cir. 1980); United States v. Mandel, 591 F.2d 1347 (4th Cir. 1976); United States v. Mankins, 497 F.2d 1265 (4th Cir. 1974); United States v. Shuford, 454 F.2d 772 (4th Cir. 1971). However, he respectfully suggests that such special circumstances exist in the case at bar. The test for joinder under Rule 8(b) is whether defendants are alleged to have participated in the same act or transaction or in the same series of acts or transactions. The fact that each incident of participation may not have constituted a crime on the part of a defendant is of no consequence.

On the other hand, Rule 14 of the Federal Rules of Criminal Procedure provides that, where it appears that prejudice will result from a joint trial of either offenses or defendants, the Court may order a severance of the indictment or of the defendants for separate trial. Where the propriety of the joinder of counts or defendants is questioned under Rule 8, the defendant is not required to demonstrate prejudice. Once it is demonstrated that the joinder was improper under Rule 8, severance is mandatory. United States v. Hedman, 630 F.2d 1184 (7th Cir. 1980), cert. denied, 450 U.S. 965

(1981); United States v. Marionneaux, 514 F.2d 1244 (5th Cir.), cert. denied, 434 U.S. 903 (1977); United States v. Grasso, 55 F.R.D. 288 (E.D. Pa. 1972); Moore's Federal Practice -- Criminal Rules, §14.02[1]; 1 Wright, Federal Practice and Procedure: Criminal, § 144.

Rule 8(b) was enacted "to prevent the accumulation of prejudice that occurs when several defendants are charged with similar but unrelated offenses." United States v. Avery, 760 F.2d 1219, 1222 (11th Cir. 1985), cert. denied, 474 U.S. 1055 (1986). When evaluating whether joinder is proper under Rule 8(b), the court must determine whether the act(s) or transaction(s) in which each defendant allegedly participated are the same.

Courts have defined "same acts or transactions" in a variety of ways. Some have found acts or transactions to be the "same" if they are so interconnected in time, place and manner as to constitute a "common plan or scheme." See, e.g., United States v. Velasquez, 772 F.2d 1348, 1353 (7th Cir. 1985), cert. denied, 476 U.S. 1021 (1986); United States v. Jackson, 562 F.2d 789, 796 (D.C. Cir. 1977). Other courts ask whether the alleged facts establish a "common link" between the defendants. See e.g., United States v. Andrade, 788 F.2d 521, 529 (8th Cir. 1986); United States v. Tashjian, 660 F.2d 829, 833 (1st Cir. 1981). In addition, courts have considered whether "substantially the same facts must be adduced" against each of the joined defendants. United States v. Satterfield, 548 F.2d 1341, 1344 (9th Cir. 1977).

Rule 14 of the Federal Rules of Criminal Procedure authorizes a district court to "order an election or separate trials of counts, grant the severance of a defendant or provide whatever relief justice requires" where a defendant may be prejudiced by a joint

trial.  Like the other Rules of Criminal Procedure, Rule 14 is to "be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."  Fed. R. Crim. P. 2; see also American Bar Association Standards for Criminal Justice, Joinder and Severance Section 13-3.1 (severance should be granted whenever it is "deemed to promote a fair determination of a defendant's guilt or innocence of each offense").

The court is required to consider a variety of factors when determining whether a joint trial will prejudice a defendant.  The cases have emphasized that the question of whether a joint trial infringes upon a defendant's right to a fair trial depends on whether it is within the jury's capacity, given the complexity of the case, to follow admonitory instructions and to keep separate, collate and appraise the evidence relevant as to each defendant independently.  Hedman, id. 630 F.2d at 1200.

Perhaps the decades of severance jurisprudence were most cogently summarized by the United States Supreme Court in Zafiro v. United States, 506 U.S. 534 (1993), when it said:

> Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts.

Id. at 541.

In suggesting guidelines to be used in granting severance the Supreme Court, in Zafiro, held that severance was required ". . . if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence . . . or when evidence that the

jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant." Id. at 539.

The Supreme Court further warned:

> When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk (of prejudice) is heightened.

Id.

As described in more detail below, this case meets or exceeds every guideline established by the Supreme Court.  Severance under Rule 14 is necessary to avoid confusion among jurors, to conserve resources, to avoid prejudice to Defendant, and to provide him with a trial that passes Constitutional muster.

## Argument

The evidence against Defendant is much weaker vis-a-vis his co-defendants. Where evidence admitted at trial pertains solely to one co-defendant and such evidence is particularly prejudicial, it is an abuse of the trial court's discretion to refuse to sever the defendants before trial. See, e.g., United States v. Engleman, 648 F.2d 473, 480-81 (8th Cir. 1981) (where, notwithstanding precautionary instructions, the Eighth Circuit held that it was an abuse of discretion for the trial court to refuse to sever two (2) defendants in a prosecution for conspiracy and mail fraud where similar act evidence was admitted as to one (1) defendant pertaining his/her involvement in a similar scheme thirteen (13) years previously and the co-defendant was not involved in that prior scheme.) See also United States v. Truslow, 530 F.2d 257, 261 (4th Cir. 1975) (where the Fourth Circuit found that severance was mandated by the combination of prejudicial

evidentiary admissions).

Under the circumstances noted herein, Defendant will be unfairly prejudiced if required to proceed to a joint trial with the co-defendants. Rule 14 of the Federal Rules of Criminal Procedure provides that if a defendant is prejudiced by a joinder of other co-defendants, severance may be ordered.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests this Honorable Court grant him a severance of defendants, and to grant him a separate trial from his co-defendants.

Respectfully submitted,

_____/s/_____

Gary E. Proctor
Bar Roll # 27936
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
Tel:   410.444.1500
Fax:   866.230.4455

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 13, 2015, a copy of the foregoing Motion was served on all counsel via ECF.

_____/s/_____

Gary E. Proctor